# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>XAVIER BECERRA, Attorney General, State of California,<br><br>　　　　　Respondent. | Case No. 2:19-cv-2663-JGB (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

  On April 1, 2019, petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is dismissed without prejudice and with leave to amend. See Rule 4 of the Rules Governing Section 2254 Cases.

  Federal habeas corpus relief is not available unless a state petitioner has exhausted his state remedies. *See* 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a petitioner must present the factual and federal legal basis for his claims to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). From the face of the petition, it does not appear that Petitioner has presented any of his claims to the California Supreme Court, and therefore, he has not exhausted his state

remedies.

A petition including unexhausted claims is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). In limited circumstances, however, a district court may stay an action so that a petitioner can return to state court and exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).[1] Under *Rhines*, a petitioner may be entitled to a stay only if: (a) the petitioner shows good cause for his failure to exhaust his claims first in state court; (b) the unexhausted claims not be "plainly meritless"; and (c) the petitioner has not have engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277-278.

Because it appears that the petition contains only unexhausted claims, it is dismissed without prejudice and with leave to amend.

**If Petitioner still desires to pursue this action, he is ORDERED to file a First Amended Petition on the forms provided by the Clerk within thirty (30) days of the date of this Order.** The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition also shall name a proper respondent – e.g., the warden of the institution in which Petitioner is incarcerated or the Secretary of the California Department of Corrections and Rehabilitation. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (in a habeas corpus challenging present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895 (9th Cir. 1996). In addition, the First Amended Petition must include the specific legal and factual basis for each of Petitioner's claims for relief, as well as indicate whether each of those claims has

---

[1] The Ninth Circuit has held that *Rhines* also applies to petitions that contains only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

2

been presented to the California Supreme Court. The First Amended Petition may include an attachment that is limited to 25 pages. If Petitioner seeks to file an attachment in excess of this page limitation, he must request permission to do so from the Court in advance.

If Petitioner seeks to raise any unexhausted claim in the First Amended Petition and believes that he can make the requisite showing for a stay of this action, then he may file, concurrently with his First Amended Petition, a separate motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust his state court remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action without prejudice.**

DATED: 4/10/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-69