1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHARLES WILLIAMS,                    Case No. 2:19-cv-02663-AFM

12                    Petitioner,
                                          **MEMORANDUM OPINION AND**
13        v.                              **ORDER DISMISSING FIRST**
                                          **AMENDED PETITION WITHOUT**
14   NEIL McDOWELL, Warden,               **PREJUDICE**

15                    Respondent.

16

17                                **BACKGROUND**

18        On April 1, 2019, Petitioner filed this habeas corpus petition pursuant to 28

19   U.S.C. § 2254 challenging his 2017 conviction of involuntary manslaughter. (ECF

20   No. 1.) On April 10, 2019, the Court issued an order explaining that it appeared that

21   the claims raised in this federal petition had never been presented to the California

22   Supreme Court and, therefore, the petition was subject to dismissal. The Court

23   directed Petitioner to file an amended petition clearly indicating whether he had

24   exhausted his state remedies by presenting his claims to the California Supreme

25   Court. The order informed Petitioner that if he wished to raise unexhausted claims in

26   his first amended petition, he should file a motion to stay the proceedings. Petitioner

27   was further informed of the limited circumstances under which a stay could be

28   warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), including the requirement

that he show good cause for his failure to exhaust his state remedies. (ECF No. 7.)

Petitioner filed a first amended petition on April 29, 2019. (ECF No. 8.) The first amended petition makes clear that Petitioner has never filed any petition challenging his 2017 conviction in the California Supreme Court. (*See* ECF No. 8 at 3, 4-6.) Nonetheless, Petitioner did not file a motion for a stay.

On May 7, 2019, the Court issued a report and recommendation ("R&R"), recommending that the action be dismissed based upon Petitioner's failure to exhaust his state remedies with respect to any claim presented in the first amended petition. (ECF No. 9.) After Petitioner filed objections to the R&R that were difficult to discern, the Court provided him another opportunity to request a stay. In its June 4, 2019 order, the Court repeated the requirements of a stay pursuant to *Rhines*, notably the requirement of showing good cause. (ECF No. 14.)

In response, Petitioner filed a motion for a stay. (ECF No. 15.) On July 16, 2019, Respondent filed an opposition to Petitioner's motion. (ECF No. 19.) Petitioner had until August 15, 2019 to file a reply to the opposition. As of the date of this memorandum and order, Petitioner has neither filed a reply nor requested an extension of time within which to do so.[1]

## DISCUSSION

### 1. Petitioner is not entitled to a stay.

In *Rhines,* the Supreme Court held that a petitioner is entitled to a stay if he demonstrates that (1) he has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) there is no indication that he intentionally engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277-278; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (extending *Rhines* to petitions that contain only unexhausted claims). In order to show good cause, a petitioner seeking a stay must "set forth a reasonable excuse, supported by

---

[1] All parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* ECF No. 23.

sufficient evidence" justifying his failure to exhaust claims earlier. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).[2]

On two occasions, Petitioner was notified of the showing he is required to make in order to be entitled to a stay under *Rhines* – first, in the April 10, 2019 order dismissing his petition and again on June 4, 2019. (ECF Nos. 7 & 14.) Despite having two opportunities to do so, Petitioner's motion for a stay does not set forth any reason justifying his failure to exhaust his claims. (*See* ECF No. 15.) Indeed, Petitioner has not offered *any* excuse for his failure to present his unexhausted claims to the California Supreme Court, let alone provided evidentiary support for a "reasonable excuse." *See Blake*, 745 F.3d at 982 (noting "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust").

Respondent points out that the Ninth Circuit has held that a petitioner's lack of counsel in state postconviction proceedings may constitute good cause for failure to exhaust. *Dixon v. Baker*, 847 F.3d 714, 721-722 (9th Cir. 2017) (finding that lack of post-conviction counsel could constitute good cause for a *Rhines* stay where the petitioner had "repeatedly" asserted in his federal proceedings that he was without counsel in state post-conviction proceedings, and did so again in support of his motion for a *Rhines* stay). Petitioner, however, has not argued that good cause exists because he was without counsel in his post-conviction proceedings. Furthermore, it appears that Petitioner was able to, and actually did, raise his claims in a habeas corpus petition filed in the California Court of Appeal. That petition was denied on March 13, 2019. (*See* ECF No. 8; California Court of Appeal Case No. E072292.) Petitioner has not explained why he was unable to file an identical petition raising the same allegations in the California Supreme Court. *See Brown v. Muniz*, 2018 WL

---

[2] A district court may also hold a fully exhausted petition in abeyance pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). *Kelly* does not apply here because the first amended petition includes no exhausted claim for relief.

7252958, at *6 (C.D. Cal. Dec. 28, 2018) (no good cause shown under *Rhines* where the petitioner did not argue his lack of postconviction counsel was the reason he failed to exhaust and where record showed the petitioner had been "able to pursue post-conviction relief in the state courts without counsel"), *report and recommendation adopted*, 2019 WL 483320 (C.D. Cal. Feb. 7, 2019).

**2. The first amended petition must be dismissed due to Petitioner's failure to exhaust his state remedies.**

A state prisoner is required to exhaust all available state court remedies before a federal court may grant him habeas relief. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present both the factual and the federal legal basis for his claims to the highest state court. *O'Sullivan*, 526 U.S. at 845.

Petitioner concedes that he has not presented any of the claims raised in this federal petition to the California Supreme Court. (*See* ECF No. 8 at 4-6.) Because the first amended petition consists entirely of unexhausted claims, it must be dismissed without prejudice.[3] *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

**ORDER**

IT THEREFORE ORDERED that Petitioner's motion for a stay is denied and Judgment be entered dismissing the first amended petition without prejudice for failure to exhaust.

DATED: 10/4/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is notified that any future federal petition is subject to the one-year limitation period set forth in 28 U.S.C. § 2244(d).